**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Childs, | No. CV-18-04045-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Sedgwick Claims Management Services, | |
| Defendant. | |

Pending before the Court is Defendant Sedgwick Claims Management Services Motion to Dismiss the Case, (Doc. 9), and Motion for Summary Adjudication (Doc. 15). Because Plaintiff has failed to file a response to this motion, the Court will grant the Motion to Dismiss.

## BACKGROUND

On November 11, 2018, Defendant filed a Motion to Dismiss requesting that the Court dismiss Plaintiff Samantha Childs' Complaint in its entirety. (Doc. 9). Plaintiff failed to file a timely response within fourteen days as required by Local Rule of Civil Procedure 7.2(c). On December 14, 2018, the Court issued a warning order that stated Plaintiff would have until January 4, 2019 to file her response. The order noted that failure to comply with Local Rule 7.2 "may be deemed consent to the . . . granting of the motion." (Doc. 11 at 1).

/ / /

/ / /

**DISCUSSION**

Local Rule of Civil Procedure 7.2 provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers).

The Ninth Circuit has established "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Ferdik*, 963 F.2d at 1260-61. "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

Defendant will be prejudiced by Plaintiff's continuing refusal to respond to the motions and comply with the Court's orders. Defendant has taken timely action to address Plaintiff's claims and reduce the cost and complexity of this litigation, and Plaintiff's refusal to respond, if permitted to continue, would only frustrate those efforts. Applying factor 5, the Court concludes that alternative sanctions are not appropriate. The Court has afforded Plaintiff ample time to respond to Defendant's motion and has explicitly warned her that failure to do so could result in the granting of the motion. Plaintiff nonetheless has

failed to respond or to take any other action to prosecute her claim. The Court will grant Defendant's motion to dismiss on all claims.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary adjudication (Doc. 15) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 29th day of January, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge